538 A.2d 908

COMMONWEALTH of Pennsylvania

v.

Kendall MAGWOOD, Appellant.

Superior Court of Pennsylvania.

Submitted Jan. 4, 1988.

Filed March 2, 1988.

Petition for Allowance of Appeal Denied July 8, 1988.

Claudia Davidson, Pittsburgh, for appellant.

Dara A. DeCourcy, Assistant District Attorney, Pittsburgh, for Com., appellee.

Before BROSKY, JOHNSON and HOFFMAN, JJ.

HOFFMAN, Judge:

This appeal is from the judgment of sentence for carrying a firearm without a license, 18 Pa.C.S.A. § 6106. Appellant contends that prior counsel was ineffective for failing to request appropriate jury instructions and raise the proper objection to the court's erroneous jury instructions. For the reasons that follow, we find that appellant's claim is meritless and, accordingly, affirm the judgment of sentence.

■ The determination whether counsel rendered ineffective assistance is arrived at through a two-prong test. First, we must ascertain whether the issue underlying the claim of ineffectiveness has arguable merit. *Commonwealth v. Buehl*, 510 Pa. 363, 378, 508 A.2d 1167, 1174 (1986). This requirement is based upon the principle that we will not find counsel ineffective for failing to pursue a frivolous claim or strategy. *Commonwealth v. Parker*, 503 Pa. 336, 341, 469 A.2d 582, 584 (1982). Second, if appellant's claim does have arguable merit, we must determine whether "the course chosen by counsel had some reasonable basis designed to serve the best interests of the client." *Commonwealth v. Buehl, supra* (citing *Commonwealth ex rel. Washington v. Maroney*, 427 Pa. 599, 605, 235 A.2d 349, 353 (1967)).

If our review of the record reveals that counsel was ineffective, we then must determine whether appellant has demonstrated that counsel's ineffectiveness worked to his or her prejudice. *Commonwealth v. Pierce*, 515 Pa. 153, 161, 527 A.2d 973, 976 (1987). To determine whether appellant was prejudiced, our Supreme Court adopted the test

announced by the United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). *Commonwealth v. Pierce, supra.* Under *Strickland*, to prove that counsel's ineffectiveness resulted in prejudice, an appellant must show that the error was "so serious as to deprive [him or her] of a fair trial, a trial whose result was reliable." *Strickland v. Washington, supra* at 686, 104 S.Ct. at 2064.

Appellant maintains that, during the charge to the jury, the trial court erroneously defined the term "possession".[1] Appellant contends that trial counsel was ineffective for failing to raise the proper objection to the court's charge and for failing to request an appropriate definition. Under the analysis set forth above, we first must determine whether appellant's underlying contention—that the jury charge was erroneous—possesses arguable merit. We conclude that it does not.

Our standard of review in determining whether a jury instruction is proper is well-settled. "A court's charge to the jury will be upheld if it adequately and accurately reflects the law and was sufficient to guide the jury properly in its deliberations." *Commonwealth v. Person*, 345 Pa.Superior Ct. 341, 345, 498 A.2d 432, 434 (1985) (citations omitted). *See also Commonwealth v. Bey*, 249 Pa.Superior Ct. 185, 196, 375 A.2d 1304, 1310 (1977). In reviewing the court's charge for error, we must read the charge as a

---

1. New appellate counsel currently represents appellant. Accordingly, "the issue of trial counsel's effectiveness may now be raised in this direct appeal." *Commonwealth v. Holmes*, 482 Pa. 97, 105 n. 3, 393 A.2d 397, 401 n. 3 (1978).

   Appellant also contends that the trial court's instruction regarding circumstantial evidence was erroneous. Trial counsel preserved this issue. *See* Motion in Arrest of Judgment and for a New Trial at 3. Upon reviewing the record and the parties' briefs, we conclude that the trial court properly rejected this claim. *See* Trial Court Opinion at 9–10. *See also Commonwealth v. Suggs*, 289 Pa.Superior Ct. 44, 60, 432 A.2d 1042, 1050 (1981) (trial court properly denied defendant's request to charge jury that, "if two or more equal inferences arose from circumstantial evidence, they could not select or guess at inferences of guilt.").

whole; "error will not be predicated upon an isolated excerpt." *Commonwealth v. Wallace*, 347 Pa.Superior Ct. 248, 256, 500 A.2d 816, 820 (1985) (citations omitted). *See also Commonwealth v. Ohle*, 503 Pa. 566, 582, 470 A.2d 61, 70 (1983) (appellate examination of jury charge must be based on examination of it as whole to determine whether it was fair or prejudicial) (citation omitted). "It is the general effect of the charge that controls." *Commonwealth v. Wallace, supra* (citations omitted). Moreover, "[a] trial court has broad discretion in phrasing its points for charge, and is not bound to give instructions in the form requested, particularly where that form does not reflect a correct interpretation of the law." *Commonwealth v. Ohle, supra* (citation omitted). *See also Commonwealth v. Melendez*, 326 Pa.Superior Ct. 531, 538–39, 474 A.2d 617, 620–21 (1984) (trial court not required to accept points submitted by defendant verbatim; court is free to use its own form of expression) (citation omitted).

Here, the Commonwealth based its case on a joint constructive possession theory. *See* Brief for Appellant at 12. The trial court, in defining the term "carrying" as used in 18 Pa.C.S.A. § 6106, correctly noted that, "In order to carry a weapon, essentially, the defendant must be found to have been in possession of that weapon." N.T. July 30, 1985 at 46. The court then defined possession as follows:

> Mere presence in an automobile in which a weapon is found does not establish possession of that weapon. Rather, the Commonwealth must establish both the defendant's power of control over the weapon and his intention to exercise that control, which intention presupposes knowledge of the weapon's presence.

*Id.*

■ This definition adequately and accurately reflects the law regarding the definition of joint constructive possession. *See, e.g., Commonwealth v. Boatwright*, 308 Pa.Superior Ct. 41, 43, 453 A.2d 1058, 1059 (1982) (per curiam) (to

prove joint constructive possession, Commonwealth must present evidence to show that defendant had both power to control firearm and intent to exercise that control; mere presence at scene where firearm was found is insufficient) (citing *Commonwealth v. Townsend,* 428 Pa. 281, 237 A.2d 192 (1968) (regarding mere presence); *Commonwealth v. Luddy,* 291 Pa.Superior Ct. 541, 422 A.2d 601 (1980) (regarding power to control and intent to exercise control)).

■ Despite the apparent adequacy of this charge, appellant maintains that it is erroneous because it is not in conformance with Pennsylvania Standard Jury Instruction § 16.02(b)(A) (governing charges of drug possession). This argument is no more than a challenge to the court's phrasing of its charge. As we have noted above, a trial court has broad discretion in phrasing its points for charge. *Commonwealth v. Ohle, supra; Commonwealth v. Melendez, supra.* Accordingly, because the court's charge adequately conveyed to the jury the proper legal principles governing joint constructive possession, appellant's claim that counsel was ineffective for failing to object to the charge and failing to request an appropriate charge lacks arguable merit.[2]

For the foregoing reasons, we affirm the judgment of sentence.

Judgment affirmed.

**2.** Appellant also contends that (1) the evidence was insufficient to sustain the conviction; and (2) the trial court erred in allowing the Commonwealth to introduce indirect hearsay evidence. After carefully reviewing the record and the briefs submitted by the parties, we conclude that the trial court has adequately disposed of these contentions. *See* Trial Court Opinion at 4–9.

With regard to appellant's sufficiency claim, *see also Commonwealth v. Rutherford,* 252 Pa. Superior Ct. 348, 355, 381 A.2d 952, 956 (1977) (circumstantial evidence sufficient to convict defendant of carrying firearm without license where "pistol was not discovered in a place of concealment, but was rather observed in plain view in extremely close proximity to appellant and in a position clearly within appellant's field of vision [and] [t]he broken grips, which had been part of the weapon were actually found on appellant's person.").