578 A.2d 527

**COMMONWEALTH of Pennsylvania**

**v.**

**James JONES, Appellant.**

Superior Court of Pennsylvania.

Submitted April 23, 1990.

Filed Aug. 1, 1990.

Petition for Allowance of Appeal
Denied Jan. 4, 1991.

Kevin G. Sasinoski, Pittsburgh, for appellant.

Michael W. Streily, Asst. Dist. Atty., Pittsburgh, for Com., appellee.

Before KELLY, HUDOCK and HESTER, JJ.

HUDOCK, Judge:

At the conclusion of a non-jury trial, Appellant was found guilty of two violations of the Uniform Firearms Act (18 Pa.C.S.A. § 6106 and § 6105) and one count of criminal conspiracy (18 Pa.C.S.A. § 903(a)(1)). Timely filed post verdict motions were denied and appellant was sentenced to 30 to 60 months imprisonment and fined $200. This direct appeal followed. We affirm the judgment of sentence.

The facts of the case can be summarized as follows: On October 21, 1988, at approximately 2:15 a.m., Officer Wesley McKenith observed a vehicle parked on a curb. Appel-

lant and co-defendant, Mark Jackson, were seated in the car. Mark Jackson was seated in the driver's side drinking from a styrofoam cup. The officer approached the men and smelled alcohol in the cup. There was a half gallon of wine in the front seat which was about two-thirds empty. After observing that co-defendant Jackson had been drinking, Officer McKenith advised him not to drive. Approximately 20 minutes later, the officer observed Jackson driving his vehicle the wrong way down a one way street. He stopped the vehicle and arrested Jackson for driving under the influence. While securing Jackson, Officer McKenith noticed Appellant "moving around in the car" and "fumbling around under the seat of the car". Appellant then moved from the passenger seat to behind the driver's seat. Officer McKenith ordered Appellant out of the car, searched him, and told him to leave, which Appellant did.

After calling for a tow truck, the officer searched the vehicle. Under the passenger seat, he discovered a .22 caliber pistol. The officer returned to his car and asked Jackson where appellant would be walking to. After driving around looking for appellant, the officer returned to the location of Jackson's car. Appellant, who had returned to the scene of the arrest, drove off in the vehicle when Officer McKenith arrived. After a high speed chase, Appellant was apprehended.

The issue presented on this appeal is whether the trial court erred in denying Appellant's motion to suppress[1] the evidence obtained from Jackson's automobile. After careful review of the facts and relevant case law, we conclude there was no error.

When Officer McKenith searched the automobile and found the gun under the passenger seat, he was conducting a search "incident to arrest". Neither the record nor Appellant's brief suggests why the contested search cannot be properly characterized as such. The law regarding such searches was established in *New York v. Belton*, 453 U.S.

---

1. Appellant was granted permission to join in a pretrial motion, filed by Jackson, to suppress evidence seized from Jackson's automobile.

454, 101 S.Ct. 2860, 69 L.Ed.2d 768 (1981). "When a policeman has made a lawful arrest of the occupant of an automobile [footnote omitted], he may, as a contemporaneous incident of that arrest, search the passenger compartment of that automobile. [footnote omitted]" *Id.* at 460, 101 S.Ct. at 2864. Both parties agree that *Belton* applies in the present case. However, Appellant, citing *U.S. v. Ross*, 456 U.S. 798, 102 S.Ct. 2157, 72 L.Ed.2d 572 (1982), argues that the existence of probable cause independent of that supporting Jackson's arrest is necessary for the validity of the search of the automobile. Appellant's reliance on *Ross* is misplaced as it speaks only to the issue of probable cause to search in the absence of an alternate justification. *Belton* specifically provides that a custodial arrest based on probable cause is all the probable cause that is necessary to authorize a search incident to that arrest. *Id.* at 460–461, 101 S.Ct. at 2864. Moreover, in adopting *Belton, supra,* this Court, in *Commonwealth v. Henry,* 358 Pa.Super. 306, 517 A.2d 559 (1986), applied this principle to Pennsylvania law by holding "a search incident to a lawful arrest required *no other justification* in order to be valid under Article I, Section 8 of the Pennsylvania Constitution." *Id.* 517 A.2d at 564 (emphasis added).

Appellant also claims that the search is invalid because it was conducted out of curiosity or with a subjective expectation of finding drugs. Appellant frames his argument in terms of a "pretextual search", which we find equally lacking in merit. This appears to be a novel question to Pennsylvania Appellate Courts. However, "pretext" arguments have been consistently rejected when raised with regard to police conduct surrounding an arrest. When facing the question of whether or not an arrest was reasonable, the United States Supreme Court has expressed that "[w]hether a Fourth Amendment violation has occurred, 'turns on an *objective* assessment of the officer's actions in light of the facts and circumstances confronting him at the time,' and not on the officer's actual state of mind at the time of the challenged action was taken." *Maryland v.*

*Macon,* 472 U.S. 463, 105 S.Ct. 2778, 86 L.Ed.2d 370 (1985) *quoting Scott v. United States,* 436 U.S. 128, 136, 98 S.Ct. 1717, 1722–23, 56 L.Ed.2d 168 (1978). (Emphasis added). *See also United States v. Vilamonte–Marquez,* 462 U.S. 579, 103 S.Ct. 2573, 77 L.Ed.2d 22; *Commonwealth v. Williams,* 390 Pa.Super. 493, 506 and n. 6, 568 A.2d 1281, 1287, and n. 6 (1990) (review of an officer's decision to arrest is limited to an *objective* assessment of the probable cause to arrest in light of the circumstances confronting the officer at the time, and as such an officer's uncommunicated intent to do an illegal act is irrelevant). *Cf. United States v. Trigg,* 878 F.2d 1037 (7th Cir.1989) (so long as police are doing no more than they are legally permitted and objectively authorized to do, an arrest is constitutional).

We find the logic underlying the above cited authority equally applicable to the facts of this case. Our review of Officer McKenith's decision to search the automobile is limited to an objective assessment of the probable cause justifying such a search, as determined by the attendant circumstances confronting the officer at the time. We have already determined that the search of the automobile was valid, based on sufficient probable cause stemming from Jackson's arrest[2]. The legality of the search which followed Jackson's arrest is not vitiated simply because the officer thought he would find something other than what was ultimately recovered. The officer was free to search the automobile regardless of what he subjectively expected to discover.[3] *See U.S. v. Robinson,* 414 U.S. 218, 94 S.Ct. 467, 38 L.Ed.2d 427 (1973); *Commonwealth v. Henry, supra.*

The judgment of sentence is affirmed.

2.  In reaching this conclusion, we note that the Appellant does not raise on this appeal the issue of whether probable cause existed to arrest co-defendant Jackson.

3.  Our discussion is limited to the facts of this case. We express no opinion concerning the admissibility of the seized property had the facts demonstrated that the police engaged in a deliberate scheme to evade the requirements of the Fourth Admendment.