## Commonwealth v. McInerney

*Peter Hook, assistant district attorney,* for the Commonwealth.

*Phyllis A. Jin,* for defendant.

FRANKS, *J.,* May 27, 1992—The issue before us arises from defendant's motion to suppress physical evidence obtained pursuant to a search of defendant's motor vehicle following an arrest for driving under the influence of alcohol. After hearing, a review of the facts and applicable law, we deny defendant's motion.

### BACKGROUND

The facts surrounding the search of defendant's vehicle are simple and undisputed. In the early morning hours of July 13, 1991, Connellsville City Patrolman Robert Kemp, along with an Everson policeman were on routine patrol for Operation Whiteline. Operation Whiteline is a special drug enforcement task force implemented by

the Pennsylvania Attorney General's Office to cooperate with local police forces to reduce illegal drug activity.

While these two officers were patrolling in the Connellsville, Pennsylvania area, Officer Kemp observed a vehicle, without headlights on, pass his police vehicle. The officer proceeded to stop the passing vehicle. Defendant, the sole occupant of the automobile produced a valid driver's license, but improper vehicle registration. Officer Kemp testified at the suppression hearing that he noticed defendant's eyes were glassy and that there was a faint odor of alcohol on defendant's breath. Officer Kemp placed defendant under arrest for driving under the influence when defendant failed three field sobriety tests.

After defendant was arrested, he was handcuffed and placed in the back seat of the police cruiser. Officer Kemp then called for backup and one, or possibly two, backup units arrived. Officer Vincent Vidonish, narcotics agent from the Attorney General's Office, arrived and conducted a search of defendant's vehicle. The search produced a drug pipe found in the closed glove compartment. It was given to Officer Kemp who had it transferred to the State Police Crime Laboratory in Greensburg, Pennsylvania. Chemical analysis revealed traces of cocaine on the pipe. The instant criminal charge was subsequently filed.

## DISCUSSION

Defendant asks this court to suppress the physical evidence obtained pursuant to a search of his vehicle, contending that the search and seizure violated his U.S. and Pennsylvania Constitutional rights against unreasonable searches and seizures. Defendant does not contest the validity of the initial vehicle stop, or the validity of the arrest for driving under the influence. Defendant argues,

however, that the incidental warrantless search of the automobile was unreasonable. Thus, all physical evidence obtained therefrom must be suppressed.

Once a defendant questions the validity of a search and seizure, the Commonwealth bears the burden of proving that the search and seizure were constitutionally permitted. We hold that the Commonwealth has met its burden in the instant case.

As stated previously, the facts are simple and undisputed. Defendant's vehicle was searched, including the closed glove compartment, after he was arrested for driving under the influence of alcohol. That search produced drug paraphernalia which is the basis of the instant charge. The Commonwealth contends that this was a valid warrantless search and seizure incidental to a lawful custodial arrest.

It is well-settled law that a warrantless search, incidental to a valid arrest, is constitutionally permitted provided the area searched is within the immediate control of the arrestee, and the search is done contemporaneously to the arrest. Such searches are routinely conducted to protect the officer from the arrestee reaching for a weapon or destroying evidence. *Commonwealth v. Long,* 489 Pa. 369, 414 A.2d 113 (1980).

It is defendant's position that once he was arrested, handcuffed and placed in the back seat of the police cruiser, he was no threat to the officers, and he no longer had access to his vehicle to destroy evidence. Therefore, the warrantless search could not effect the purpose of allowing such a search as stated in *Long, supra.* We disagree.

In holding that the evidence seized from the glove compartment of defendant's vehicle was lawfully obtained, we are bound by the ruling in *Commonwealth v. Jones,*

396 Pa. Super. 304, 578 A.2d 527 (1990), *alloc. denied,* 526 Pa. 647, 585 A.2d 467 (1991). In *Jones,* the defendant was arrested for driving under the influence. The police officer searched the passenger compartment incident to that arrest, and found a gun under the front seat. Jones was charged with firearms violations and petitioned for the suppression of the weapon.

The court in *Jones* affirmed the judgment of sentence and held that the warrantless search was permissible under *New York v. Belton,* 453 U.S. 454, 101 S.Ct. 2860 (1981), adopted by Pennsylvania in *Commonwealth v. Henry,* 358 Pa. Super. 306, 517 A.2d 559 (1986). *Belton* held "that when a policeman has made a lawful custodial arrest of the occupant of an automobile, he may, as a contemporaneous incident of that arrest, search the passenger compartment of that automobile." *Id.* at 460, 101 S.Ct. at 2864. (footnotes omitted) The Supreme Court further held that any containers, including closed or open glove compartments, found therein are subject to the same search and seizure.

Accordingly, we hold that based on *Belton, Henry* and *Jones, supra,* Officer Vidonish was constitutionally permitted to search the glove compartment of defendant's vehicle, following defendant's lawful arrest, and seize any contraband found therein.

Hence, the following

## ORDER

And now, May 27, 1992, it is hereby ordered and directed that defendant's motion to suppress physical evidence is denied. The evidence shall be admissible at trial against defendant in this case.