636 A.2d 1169

**COMMONWEALTH of Pennsylvania,**

v.

**Martina M. SHIFLET, Appellant.**

Superior Court of Pennsylvania.

Argued Oct. 5, 1993.

Filed Jan. 25, 1994.

Anthony E. Miley, East Berlin, for appellant.

Martha J. Duvall, Asst. Dist. Atty., Gettysburg, for Com., appellee.

Before CIRILLO, HUDOCK and CERCONE, JJ.

CIRILLO, Judge.

Martina M. Shiflet appeals from a judgment of sentence entered in the Court of Common Pleas of Adams County. We vacate and remand for a new trial.

On February 4, 1992, Trooper Ivan Taylor of the Pennsylvania State Police conducted a traffic stop of a vehicle in which appellant Shiflet was a passenger. The stop led to the arrest of the two other persons who were in the car with Shiflet. The driver was arrested for driving under the influence (DUI) and the other passenger was arrested for disorderly conduct. When the driver was asked to exit the vehicle to perform a sobriety test, Shiflet was also asked to exit the vehicle. She did so, with her purse in hand, and remained outside of the car during the arrests.

Shiflet did not have a valid driver's license and, since she could not lawfully drive herself home, Trooper Taylor offered

her a ride to the police barracks. Upon Shiflet's acceptance of this offer, Trooper Taylor seized Shiflet's purse from underneath her arm and, without asking Shiflet's consent, began to search through its contents. The trooper came across a small leather pouch and, suspecting it contained drug paraphernalia, requested that it be opened. Shiflet consented and Taylor discovered a small amount of marijuana and three marijuana pipes. Shiflet was subsequently arrested and charged with possession of a small amount of marijuana and possession and intent to use the drug paraphernalia.

A suppression motion was filed and a hearing was held. At the hearing, Trooper Taylor gave the following reason for searching Shiflet's purse: "I never even asked for consent to search her purse. It's my customary practice for officer safety, as I stated earlier, anytime I transport a female subject with a purse to look inside the purse for any type of weapons." (N.T. p. 15, 08–24–92). Shiflet's motion to suppress the seized evidence was subsequently denied by the Honorable Oscar F. Spicer. A jury trial was held and Shiflet was found guilty of the offenses charged. Post-trial motions were then filed. Judge Spicer denied Shiflet's post-trial motions, finding that the intrusion into Shiflet's purse was justified by the arrests of the other vehicle occupants. Shiflet was sentenced to one year's probation, plus a $50.00 fine, plus costs on the paraphernalia charge. Shiflet has filed a timely appeal and raises the following issues for our consideration:

(1) Whether the search incident to an arrest exception can justify a warrantless search and seizure of appellant's purse when neither appellant, nor her purse were inside a vehicle at the time of the search, and there was no probable cause of articulable suspicion to believe appellant was involved in criminal activity, and appellant was not under arrest prior to the search.

(2) Whether a warrantless search and seizure of appellant's purse by a police officer can be constitutionally justified when there is something less than even a reasonable articulable suspicion to believe appellant was involved in any criminal activity on February 4, 1992.

█  When reviewing the ruling of a suppression court, we must determine whether the factual findings are supported by the record and, assuming there is support in the record, we are bound by the facts and may reverse if the legal conclusions drawn from those facts are in error. *Commonwealth v. Cortez*, 507 Pa. 529, 491 A.2d 111 (1985), *cert. denied*, 474 U.S. 950, 106 S.Ct. 349, 88 L.Ed.2d 297 (1985). Here, there is no dispute as to the facts, thus, we will address only the validity of the inferences and legal conclusions drawn by the suppression court.

The Commonwealth argues that the trooper had the legal authority, pursuant to a valid arrest, to search the passenger compartment of the vehicle. In support of this position, the Commonwealth contends that the purse was only a few feet away from the car when it was searched, the search was within a few minutes of two valid arrests, and DUI includes the use of a controlled substances as well as alcohol. We are not persuaded by these arguments and, therefore, find that the search of Shiflet's purse was not constitutionally sanctioned.

█  The Fourth Amendment protects all citizens from unreasonable searches and seizures by government officials. *Commonwealth v. Slaton*, 530 Pa. 207, 215, 608 A.2d 5, 9 (1992) (citing *Michigan v. Tyler*, 436 U.S. 499, 506, 98 S.Ct. 1942, 1948, 56 L.Ed.2d 486 (1978)). To properly seize evidence, an official must act pursuant to either a valid warrant or one of the exceptions to the warrant requirement. *Id.* Here we analyze the search incident to lawful arrest exception as it relates to the instant set of facts.

The Commonwealth cites, and we are cognizant of, the recent trend in the law on this issue.[1] Specifically, it has been held:

1. The law appears to be moving away from the earlier holding in *Commonwealth v. Timko*, 491 Pa. 32, 417 A.2d 620 (1980), where the Pennsylvania Supreme Court held that a warrantless search of luggage removed from a car was invalid where the defendant was handcuffed, and the luggage was in exclusive control of the police at the time of the

'When a policeman has made a lawful arrest of the occupant of an automobile ... he may, as a contemporaneous incident of that arrest, search the passenger compartment of that automobile.' *Commonwealth v. Jones*, 396 Pa.Super. 304, 307, 578 A.2d 527, 529 (1990) (quoting *New York v. Belton*, 453 U.S. 454 [101 S.Ct. 2860, 69 L.Ed.2d 768] (1981)), *alloc. denied*, 526 Pa. 647, 585 A.2d 467 (1991). Moreover, the officer may also examine the contents of any containers found within the passenger compartment. *Commonwealth v. Henry*, 358 Pa.Super. 306, 311, 517 A.2d 559, 564 (1986). In short, "a search incident to the arrest requires no additional justification." *Id.*, 517 A.2d at 564 (citing *United States v. Robinson*, 414 U.S. 218 [94 S.Ct. 467, 38 L.Ed.2d 427] (1973)).

*Commonwealth v. Mickell*, 409 Pa.Super. 595, 606–07, 598 A.2d 1003, 1009 (1991), *appeal denied*, 531 Pa. 638, 611 A.2d 711 (1992).

▮ We are not persuaded that the case law cited above is applicable to the circumstances herein. Shiflet had *not* been subject to arrest before her purse was seized, and was standing *outside* of the vehicle with her purse when the search and seizure took place. We refuse to extend the search incident to arrest exception to these circumstances.

The Commonwealth cites *Commonwealth v. Guzman*, 417 Pa.Super. 364, 612 A.2d 524 (1992) in support of its position that even though the purse had been moved prior to its search, the search is still justified so long as the search could have been legally valid at the time and site of the arrest. The reliance on *Guzman* for this proposition is misplaced under the circumstances in the instant case. In *Guzman*, police officers seized appellant's satchel from his person at the time of his arrest. Appellant objected to both the initial search of the bag and to the continued search of the bag at the police barracks. The court held that once an accused has been lawfully arrested and is in custody, anything that was subject to search and seizure at the time and place of arrest may be

search. Importantly, however, this case has never been expressly overruled.

lawfully searched without a warrant. *Id.* at 370, 612 A.2d at 527. Again, Shiflet was not the "accused;" she was not placed under arrest, nor was she in "custody" until after the search and seizure took place.

The case most analogous to the instant set of facts is *Commonwealth v. Stagliano,* 273 Pa.Super. 237, 417 A.2d 627 (1979). In *Stagliano,* the defendant was a passenger in a car that had been pulled over for a speeding violation. The driver of the car, when asked for his license and registration, could produce neither, whereupon the driver was asked to exit the vehicle. The trooper then observed a clear plastic bag containing a green substance protruding from the glove compartment and, believing it to be marijuana, placed the driver under arrest. The search of the driver and the interior of the car produced no weapons or further evidence of any crime. Nevertheless, the trooper seized the *passenger's* pocketbook, opened it, discovered a "straight razor" four inches in length, and placed the passenger under arrest. A subsequent search of the purse revealed methamphetamine, a controlled substance.

The Commonwealth in *Stagliano,* like in the instant appeal, argued that the dangers surrounding an automobile arrest fully justified the seizure of the passenger's purse as incident to the lawful arrest of the operator. *Id.* at 242, 417 A.2d at 629. In vacating the passenger's judgment of sentence, however, we specifically held:

[T]he police may not justify a seizure of a closed container located on the passenger's side of the vehicle *solely as incident to the arrest of the operator, when the police have no reason to believe that the passenger is either involved in any criminal activity or an apparent confederate of the operator.*

*Id.* at 247, 417 A.2d at 632 (emphasis added); *see also* 29 A.L.R. 4th 771, §§ 3, 5. While this holding appears to be at odds with a later line of cases, *supra,* it is nonetheless still good law and, in this court's opinion, lends additional support to our conclusion that Shiflet is not the type of defendant for whom the search incident to arrest exception was meant to

apply. To hold otherwise would set a rather dangerous precedent in terms of how far this exception could be extended. We are not willing to extend it so far as to rule that Shiflet, a passenger turned bystander, must sacrifice her Fourth Amendment rights simply because her companions have been arrested. Third party bystanders do not give up their right to require reasonable searches and seizures merely due to their presence at the scene of an arrest. *See Steagald v. United States,* 451 U.S. 204, 101 S.Ct. 1642, 68 L.Ed.2d 38 (1981); *Commonwealth v. Martin,* 423 Pa.Super. 228, 620 A.2d 1194 (1993).

Thus, insomuch as the Commonwealth suggests no other exception to the Fourth Amendment warrant requirement to justify the search and seizure, we find that the suppression court erred in its legal conclusions, *Cortez, supra,* and the evidence should have been suppressed.

We vacate and remand for new trial. Jurisdiction relinquished.