## Commonwealth v. Banks

*Christy H. Fawcett, assistant district attorney,* for the Commonwealth.

*R. Bruce Evanick,* for defendant.

UHLER, *J.,* July 8, 1994—Before the court is defendant's, Michele Denise Banks, ominbus pre-trial motion to suppress. A hearing was held on the matter on June 2, 1994, whereby the court dictated its findings

of fact. The defendant in this matter was the passenger of a vehicle stopped by York City police officers, who was subsequently arrested and searched. The driver of the vehicle in question, Henry Walker, has also through his counsel filed a separate motion to suppress. A hearing was conducted on Walker's motion to suppress on June 16, 1994. While this opinion will be limited solely to the suppression issues related to Banks, the findings of fact dictated by this court at the suppression hearing for Michele Banks shall be incorporated into this opinion, as well as the companion opinion of *Commonwealth v. Walker*, 656 C.A. 1994.

In the present case, the defendant's argument is two-fold. First, defendant argues that the police officers lacked a reasonable suspicion to stop the vehicle. Second, the subsequent search of the defendant, who was the passenger of the vehicle, was unlawful. Therefore, the search and seizure of cocaine from the defendant's person was unlawful.

Preliminarily, we note that where a motion to suppress has been filed, the burden is on the Commonwealth to establish by a preponderance of the evidence that the challenged evidence is admissible. Pa.R.Crim.P. 323(h). See *Commonwealth v. DeWitt*, 530 Pa. 299, 608 A.2d 1030 (1992).

Initially, we find that the stop of the vehicle was reasonable under the circumstances. Officer Roy Kohler of the York City Police Department testified at the suppression hearing that he had run a registration check on a gray Jaguar with a vanity plate "SMOOTHE" which he encountered on patrol the previous night. The registration came back as belonging on a BMW. However, Officer Kohler was unable to effect a stop at that time. Thus, on the following evening when he saw the same Jaguar with the same vanity plate

"SMOOTHE," he initiated a stop to verify the registration of the vehicle. The Vehicle Code provides that no person shall:

"(1) allow a registration card or plate or permit to be used by any person not authorized to use it or on any vehicle other than the vehicle for which it was issued;

"(2) use any registration card or plate or permit unless authorized to do so; or

"(3) display a registration card or plate in, on or in connection with any vehicle other than the vehicle for which it was issued." 75 Pa.C.S. §1372.

Clearly, Officers Kohler and Utley were authorized to stop the vehicle to further investigate this apparent registration inconsistency. Upon approaching the stopped vehicle, Officer Kohler requested to see the driver's license and registration. The driver reached into the glovebox attempting to secure the requested items. It was at this point that Officer Utley who was standing on the passenger side of the vehicle observed a handgun in the glovebox. The officers yelled for the occupants to put their hands up. Officer Utley testified that Banks kept her hands on her lap and was hesitant to put them up. Both occupants were removed from the vehicle and searched. As a result of this search, cocaine was found in the defendant's coat pocket.

In the recent Superior Court of Pennsylvania case of *Commonwealth v. Shiflet,* 431 Pa. Super. 444, 636 A.2d 1169 (1994), the court held that the search incident to a lawful arrest exception to the general warrant requirement did not apply to the search of a passenger's purse incident to the lawful arrest of the driver, where the passenger was standing outside the vehicle when the search and seizure took place. In *Shiflet,* a Pennsylvania State Police trooper conducted a traffic stop.

The driver of the car was arrested for D.U.I. and the other passenger was arrested for disorderly conduct. Shiflet did not have a valid driver's license; therefore, the trooper offered to drive her to the police barracks. As standard procedure before allowing a woman in his cruiser, the trooper searched Shiflet's purse where he discovered a small amount of marijuana and drug paraphernalia. The trooper proceeded to place Shiflet under arrest for possession of marijuana.

In holding that the trooper's search of Shiflet's purse was an unlawful search and seizure, the Superior Court relied on an earlier decision in *Commonwealth v. Stagliano,* 273 Pa. Super. 237, 417 A.2d 627 (1979), where the court stated:

"The police may not justify a seizure of a closed container located on the passenger's side of the vehicle *solely as incident to the arrest of the operator, when the police have no reason to believe that the passenger is either involved in any criminal activity or an apparent confederate of the operator.*" (emphasis added) *Commonwealth v. Shiflet, supra* at 449, 636 A.2d at 1171 (quoting *Commonwealth v. Stagilano, supra* at 242, 417 A.2d at 632).

We find that while the officers were justified in conducting a pat down for weapons, the search performed on the defendant exceeded the scope of a *Terry* pat down. Thus, we must determine whether or not the defendant was lawfully arrested and searched incident to that lawful arrest. The inquiry for this court is whether or not the officers had probable cause to arrest Banks for carrying a firearm without a license as defined under 18 Pa.C.S. §6106(a) or any other violation. Probable cause to arrest exists where the facts at the time of the arrest would warrant a prudent man in believing that an offense had been committed, and the suspect

was the perpetrator of the offense. *Commonwealth v. Anderson,* 360 Pa. Super. 466, 470, 520 A.2d 1184, 1186 (1987).

The crime of carrying a firearm without a license is defined under section 6106(a) in the following manner: "No person shall carry a firearm in any vehicle or concealed on or about his person, except in his place or abode or fixed place of business, without a license therefore as provided in this subchapter." The term "carrying" requires, essentially, that the defendant must be found to have been in possession of that weapon. *Commonwealth v. Magwood,* 371 Pa. Super. 620, 623, 538 A.2d 908, 909 (1988). The court relied upon the following definition of possession, as well as joint constructive possession:

"Mere presence in an automobile in which a weapon is found does not establish possession of that weapon. Rather, the Commonwealth must establish both the defendant's power of control over the weapon and his intention to exercise that control, which intention presupposes knowledge of the weapon's presence." *Id.* at 623, 538 A.2d at 909.

However, possession may be proven by circumstantial evidence. *Commonwealth v. Bentley,* 276 Pa. Super. 41, 46, 419 A.2d 85, 87 (1980). See *Commonwealth v. Carter,* 304 Pa. Super. 142, 450 A.2d 142 (1982). In *Carter,* evidence of appellant's behavior after the car was stopped—bending down to reach the floor and temporarily failing to respond to the police officer's directions to place his hands on the windshield—provided an additional circumstance adding weight to the trial court's conclusion that appellant had either placed the gun on the floor while bent over, or, at least, was aware of its presence and intended to exercise control over it. *Id.* at 145, 147-48, 450 A.2d at 142, 144.

In the present case, the only circumstantial evidence, or otherwise, that the police officers could point to was that the defendant hesitated when asked to raise her hands. However, Officer Utley was able to observe the defendant during this period of hesitation. Furthermore, the handgun was discovered in the glovebox opened by the driver to secure his registration and not on her lap. In light of the aforesaid, we find that the officers did not have probable cause to arrest Banks for carrying a firearm without a license, or for any other crime. Therefore, the search of Banks cannot be justified under the search incident to a lawful arrest exception to the general warrant requirement. Accordingly, defendant's omnibus pre-trial motion to suppress the cocaine found on her person must be granted.

An appropriate order shall be entered.

## ORDER

And now, to wit, July 8, 1994, defendant's, Michele D. Banks, ominbus pretrial motion to suppress the cocaine found on her person is granted.