678 A.2d 395

COMMONWEALTH of Pennsylvania, Appellant,

v.

Brigitte L. KNOCHE, Appellee.

Superior Court of Pennsylvania.

Submitted March 20, 1996.

Filed June 7, 1996.

David P. Wingert, Assistant District Attorney, Lebanon, for Commonwealth, appellant.

Kristen A. Lee, Lebanon, for appellee.

Before POPOVICH, SAYLOR and EAKIN, JJ.

SAYLOR, Judge.

This is an appeal by the Commonwealth from an order of the Court of Common Pleas of Lebanon County which granted Appellee's post-sentence motion and vacated the judgment of sentence. We affirm.

On May 27, 1994, at approximately 11:14 p.m., Officer Gary Garrison of the South Annville Township Police Department made a traffic stop of a vehicle which was driving erratically on Route 241. Upon stopping the vehicle, Officer Garrison noted that there were two occupants, the driver and a passenger, Brigitte Knoche, Appellee herein. Officer Garrison requested assistance from an additional officer and Officer Jeffrey Arnold responded to the call. Subsequently, the officers arrested the driver of the car for driving under the influence of alcohol. As part of their investigation, the officers noted that the inspection sticker on the car had been tampered with and the registration was fraudulent. As a result of the illegal registration and inspection sticker, Appellee was not permitted to drive the vehicle and Officer Arnold offered her a ride. After accepting the offer, Appellee walked toward the patrol car. At this point, Officer Arnold told Appellee that he would have to search her for weapons before she could enter the patrol car. Officer Arnold proceeded to pat down Appellee and found no weapons. He then asked to examine the contents of Appellee's small purse, and subsequently discovered a marijuana pipe at the bottom of the purse. Thereafter, Appellee was arrested and charged with possession of drug paraphernalia.

Appellee filed a motion to suppress the evidence. Following a hearing, the motion was denied. At the conclusion of a bench trial, the trial court found Appellee guilty of possession of drug paraphernalia. Appellee filed a post-sentence motion contending that the trial court erred in denying her pre-trial motion to suppress the evidence. The trial court, after consideration, granted the motion, having concluded that the search was illegal because the police did not have the authority to conduct a pat-down search and examine the contents of Appel-

lee's purse pursuant to *Terry v. Ohio*,[1] and that Appellee had not consented to the warrantless search. Accordingly, the trial court entered an order vacating her sentence and dismissing the charge against her. This appeal by the Commonwealth followed.

On appeal, the Commonwealth seeks to justify the search of Appellee's purse on two bases: first, that it was incident to the lawful arrest of the driver of the vehicle, and second, that it was a valid administrative inventory search. We find no merit to either contention.

In *Commonwealth v. Shiflet*, 543 Pa. 164, 670 A.2d 128 (1995), a Pennsylvania state trooper stopped a vehicle based upon a suspicion that the driver was operating under the influence of alcohol. The driver and two passengers were asked to exit the vehicle. The driver was arrested for driving under the influence and one passenger was arrested for disorderly conduct. The second passenger, Shiflet, was not arrested. The trooper offered Shiflet a ride to the police barracks because she did not have a valid driver's license and therefore could not drive herself home. Upon acceptance of the offer, the trooper seized Ms. Shiflet's purse from underneath her arm and searched its contents. The trooper found three marijuana pipes and a small amount of marijuana in the purse. As a result, Shiflet was subsequently arrested and charged with possession of a controlled substance and possession with intent to use drug paraphernalia. Her motion to suppress the marijuana and drug paraphernalia was denied and she was found guilty of the offenses charged. On appeal, the Superior Court reversed, declining to extend the search incident to arrest exception to circumstances where the property being searched was in the possession of a person who had not been arrested.

The Supreme Court granted allocatur to consider whether the exception to the warrant requirement for a search incident to an arrest was applicable to justify a warrantless search and seizure of a defendant's purse when the defendant was not

1. 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968).

arrested and there was neither probable cause nor an articulable suspicion that she was involved in criminal activity. The Supreme Court held that the search incident to arrest exception clearly did not apply because the defendant had not been arrested and the search of her purse was too attenuated from the arrest of the driver and other passenger to properly be considered incident to the other arrests. In reaching this conclusion, the Supreme Court reasoned:

> Here, Appellee was not subject to a formal arrest before her purse was seized, and she was standing outside of the vehicle with her purse when the search and seizure took place. The Commonwealth does not present any facts that would indicate that Appellee was subject to a custodial arrest, and it is conceded that the police had neither probable cause nor a reasonable suspicion that Appellee was engaged in any illegal activity.... It was only in connection with Trooper Taylor's offer to drive Appellee home that the apparent need on the part of Trooper Taylor to search Appellee's purse arose. Trooper Taylor did not indicate that he needed to search Appellee's purse incident to the arrest of the driver and the other passenger, and had no reason to believe that Appellee was armed or was engaged in criminal conduct. Thus, the facts do not warrant an expansion of the search incident to arrest exception to this bystander.

*Id.*, 543 Pa. at 169–171, 670 A.2d at 130–131.

In this case, as in *Shiflet,* Appellee was not under arrest and was standing outside of the vehicle when the officer seized and searched her purse. The police had neither probable cause nor reasonable suspicion to believe that Appellee was engaged in any criminal conduct. Officer Arnold did not indicate that he needed to search Appellee's purse incident to the arrest of the driver and testified that he had no reason to believe that Appellee was armed or dangerous. Officer Arnold testified that the need to search Appellee only arose when Appellee accepted his offer to drive her to the police barracks. On the basis of these facts, the search of Appellee's purse was clearly

too attenuated from the arrest of the driver to be considered a search incident to such arrest.[2]

Nor do we find merit to the Commonwealth's argument that the search of Appellee's purse was justified as an administrative inventory of her property. Although an administrative inventory search is a recognized exception to the warrant requirement, it is not applicable under the facts of this case. Inventory searches are properly conducted as part of the booking process after an individual has been placed under arrest. In *Commonwealth v. Zook*, 532 Pa. 79, 615 A.2d 1 (1992), *cert. denied*, 507 U.S. 974, 113 S.Ct. 1420, 122 L.Ed.2d 789 (1993), the Pennsylvania Supreme Court outlined the parameters and purpose of an inventory search:

> It is reasonable for police to search the personal effects of a person under lawful arrest as part of the routine administrative procedure at a police station house incident to booking and jailing the suspect. The justification for such searches does not rest on probable cause, and hence the absence of a warrant is immaterial to the reasonableness of the search.

*Id.*, 532 Pa. at 91, 615 A.2d at 7, quoting *Commonwealth v. Nace*, 524 Pa. 323, 327, 571 A.2d 1389, 1392 (1990), *cert. denied*, 498 U.S. 966, 111 S.Ct. 426, 112 L.Ed.2d 411 (1990).

2. The Commonwealth also relies upon the case of *New York v. Belton*, 453 U.S. 454, 101 S.Ct. 2860, 69 L.Ed.2d 768 (1981), arguing that the search of Appellee's purse was incident to a lawful arrest because it was a search of the area within the control of the arrestee. The Pennsylvania Supreme Court was confronted with this same argument in *Shiflet* and found it meritless. The Supreme Court noted that pursuant to its decision in *Commonwealth v. White*, 543 Pa. 45, 669 A.2d 896 (1995), the Court had rejected the broad *Belton* rule which permitted the search of the entire passenger compartment of a vehicle and any containers therein incident to the lawful arrest of an occupant. Instead, the Supreme Court adhered to its decision in *Commonwealth v. Timko*, 491 Pa. 32, 417 A.2d 620 (1980), limiting the warrantless search of an automobile incident to an arrest to areas and clothing immediately accessible to the arrestee. The Supreme Court concluded that the facts in *Shiflet* did not fall within the ambit of the *White* standard so as to permit a search. Furthermore, the Court noted that *Belton* had not been extended to divest a third party of his or her legitimate expectation of privacy.

In this case, Appellee was not under arrest and was not undergoing booking at the time her purse was searched by Officer Arnold. Accordingly, the search of Appellee's purse clearly was not part of a routine administrative procedure at a police station and thus could not be classified as an inventory search.

Since the search of Appellee was neither a lawful search incident to an arrest nor an inventory search, the trial court did not err in granting Appellee's post-sentence motion.

Order affirmed.

EAKIN, J., files a concurring statement.

EAKIN, Judge, concurring.

I agree that the search here was improper, but write separately to address the issue of consent; our decision should not be read to discourage officers from tendering assistance to persons in appellant's predicament, nor to disparage the need to protect officers by precluding safety searches.

The officer legitimately offered the appellant a ride from the isolated location in which she found herself by virtue of her companion's conduct; common sense and simple civility demanded no less. It was likewise legitimate for the officer to condition the ride on a search, for safety reasons or pursuant to policy. His error was that he did not advise the appellant of this condition; he merely searched after she accepted the ride.

The appellant agreed to accept a ride, but the record does not show she knew that agreement was conditioned on a search. Simply accepting a ride without knowing it will subject you to a search is not a consent to search. Had the officer told her of the precondition, she could have consented and been given a ride, or declined and found an alternative to the officer's benefaction. Since she was not told of the precondition, she cannot have consented to it, and the search was invalid.