657 A.2d 1298

**COMMONWEALTH of Pennsylvania**

**v.**

**MIGDALIA CONCEPTION, Appellant.**

Superior Court of Pennsylvania.

Submitted Nov. 7, 1994.

Filed May 8, 1995.

540

Gerald B. Ingram, Philadelphia, for appellant.

Kathy L. Echternach, Asst. Dist. Atty., Philadelphia, for Com., appellee.

Before CAVANAUGH, KELLY and BROSKY, JJ.

CAVANAUGH, Judge.

This matter is presently before the court on the appeal of Migdalia Conception from the judgment of sentence entered against her on September 14, 1993 in the Court of Common Pleas of Philadelphia County. For the reasons which follow, we affirm.

On May 18, 1992 Philadelphia police officers arrived at appellant's apartment at 701 West Wingohocking Street armed with an arrest warrant for Marcus Rivera and an arrest warrant for Robert Vargas. The Vargass' warrant listed 701 West Wingohocking Street as one of Mr. Vargas' three addresses. Appellant answered the door, was shown the warrants and photographs of Vargas and Rivera, told the police that she knew neither Mr. Rivera nor Mr. Vargas, and refused the police entry into the apartment. Detective Shawn Trush forcibly entered the apartment and observed, in plain view, an open shoe box containing a green, leafy substance subsequently identified as marijuana. In the bedroom of the apartment, also in plain view on the bureau, the detective observed a large plastic bag containing a green, grassy substance, also later identified as marijuana. The appellant was placed under arrest at the scene. The officers searched the apartment for Vargas and Rivera and found Marcus Rivera hiding in the bathroom shower stall. He, too, was then placed under arrest.

Appellant was charged with hindering apprehension, obstructing administration of law, possession of marijuana with intent to deliver and criminal conspiracy. She filed for suppression of the contraband found in her apartment claiming that the police did not have probable cause to enter her apartment. The motion was denied and, after a non-jury trial, appellant was found guilty of all charges. Timely post-trial motions were filed and denied and on September 13, 1993 appellant was sentenced to two years probation. Appellant now appeals from that judgment of sentence.

On appeal Ms. Conception raises the following issues:

I. The trial court committed reversible error and precluded appellant from getting a fair trial when it denied the motion to suppress evidence.

II. The trial court committed reversible error when it found that the evidence was sufficient beyond a reasonable doubt to sustain a verdict of guilt.

■ We first address appellant's claim that the evidence seized in her apartment should have been suppressed. In reviewing such a claim we must determine whether the factual findings of the suppression court are supported by the record and whether the legal conclusions drawn from those facts are in error. *Commonwealth v. Roland*, 535 Pa. 595, 637 A.2d 269, 270 (1994).

Appellant argues that, notwithstanding the arrest warrant, the police were required to have a valid search warrant to search her residence, and, since they did not, the fruits of the illegal search should have been suppressed. In support of this argument appellant cites the cases of *Steagald v. U.S.*, 451 U.S. 204, 101 S.Ct. 1642, 68 L.Ed.2d 38 (1981) and *Commonwealth v. Martin*, 423 Pa.Super. 228, 620 A.2d 1194 (1993).

In *Steagald* the United States Supreme Court addressed the narrow issue of "whether an arrest warrant—as opposed to a search warrant—is adequate to protect the Fourth Amendment interests of persons not named in the warrant, when their homes are searched without their consent and in the absence of exigent circumstances." *Id.* at 212, 101 S.Ct. at 1648. The court found that an arrest warrant alone was inadequate and that a search warrant would be required in such a case.[1] Pivotal to the decision was the fact that the arrest was pursuant to a warrantless search of the premises of a *third party*.

In *Martin*, a panel of this court reversed a denial of a suppression motion and vacated a judgment of sentence since

---

1. The court did note, however, that it had recognized the previous year, in *Payton v. New York*, 445 U.S. 573, 100 S.Ct. 1371, 63 L.Ed.2d 639 (1980), that an arrest warrant alone was sufficient to authorize the entry into a person's own home to effect his arrest.

it found the situation indistinguishable from, and thus controlled by, *Steagald.*[2]

We have reviewed the above-cited cases against the record sent to this court, and have determined, based on the factual dissimilarities, that the instant matter is not controlled by the holding in *Steagald.*

█ In the matter before us the police went to 701 West Wingohocking Street armed with two arrest warrants. The warrant for Robert Vargas listed three residence addresses, one of which was 701 West Wingohocking Street. Detective Trush testified at the suppression hearing that this address was listed because he had received reliable information from the narcotics unit of the Philadelphia Police Department that Rivera and Vargas were staying at 701 West Wingohocking, had often been seen in the area and that one of the fugitives had been pursued by a police officer who determined that he ran into 701 West Wingohocking. Based upon this information, Detective Trush, in securing an arrest warrant, listed 701 West Wingohocking in his affidavit of probable cause as a known address of Robert Vargas.

Upon review of this testimony it is clear that the police officer had a reasonable and well-founded belief that 701 West Wingohocking was the residence of at least one of the fugitives. The officer stated so on his affidavit of probable cause for arrest warrant. The subsequently issued arrest warrant listed 701 West Wingohocking Street as one of Mr. Vargas' addresses. Thus, the cases of *Steagald* and *Martin* are not controlling. Rather, the Supreme Court case of *Payton v. New York, supra,* as cited in the lower court's opinion, is of more value in our discussion today for it was in *Payton* that the Supreme Court stated that; "for Fourth Amendment purposes, an arrest warrant founded on probable cause implicitly carries with it the limited authority to enter a dwelling in which the suspect lives when there is reason to believe the

**2.** Martin's home was searched when police were looking for a fugitive for whom they had an outstanding warrant. Martin's home was not the residence of the suspect. Martin moved to suppress evidence seized during the warrantless search of her home.

suspect is within." *Id.,* 445 U.S. at 603, 100 S.Ct. at 1388. This situation occurred in the instant matter and, accordingly, the police did not need a search warrant to enter appellant's apartment to search for Robert Vargas.

Additionally, since the police did not need a search warrant to enter appellant's apartment, the admission of the contraband found in plain view was permissible. *See: Commonwealth v. Hendrix,* 426 Pa.Super. 616, 627 A.2d 1224 (1993).

Accordingly, we find that the suppression court did not err when it denied appellant's suppression motion and appellant is not entitled to relief on this claim.

Appellant also claims that the evidence at trial was insufficient to sustain the findings of guilt on the charges of hindering apprehension and obstruction of law since both of these crimes require a specific intent on the part of the actor, which specific intent was not established at her trial.

When an appellant challenges the sufficiency of the evidence presented against her our standard of review is narrow:

> We must determine whether, viewing all the evidence at trial, as well as the reasonable inferences to be drawn therefrom, in the light most favorable to the Commonwealth, the trier of fact could have found that each element of the offense was proven beyond a reasonable doubt. Both direct and circumstantial evidence can be considered equally when assessing the sufficiency of the evidence."

*Commonwealth v. Rementer,* 410 Pa.Super. 9, 598 A.2d 1300 (1991), *alloc. denied,* 533 Pa. 599, 617 A.2d 1273 (1992).

The offense of hindering apprehension or prosecution occurs when a person, "with intent to hinder the apprehension of . . . another for crime . . . harbors or conceals" said other person. 18 Pa.C.S.A. § 5105(a)(1).

The offense of obstructing the administration of law occurs when a person "intentionally obstructs, impairs or perverts the administration of law . . . by force, violence, physical interference or obstacle . . ." 18 Pa.C.S.A. § 5101.

██ The evidence introduced against appellant at her trial included testimony that she physically blocked the door of her apartment to prevent the police from entering and discovering the fugitive hiding in the shower stall of her tiny apartment. Additionally, the fugitive's clothing was found on the kitchen table in the apartment's one room parlor/kitchen.

Viewing this evidence, and the reasonable inferences one can draw from it, in the light most favorable to the Commonwealth, we find sufficient evidence to support appellant's convictions.

Accordingly, as we find appellant is not entitled to relief on her appeal, her judgment of sentence must be affirmed.

Judgment of sentence affirmed.

BROSKY, J., files a Dissenting Opinion.

BROSKY, Judge, dissenting.

I dissent. I do not see a material distinction between the facts of the present case and those found in *Steagald v. United States,* 451 U.S. 204, 101 S.Ct. 1642, 68 L.Ed.2d 38 (1981), or *Commonwealth v. Martin,* 423 Pa.Super. 228, 620 A.2d 1194 (1993). As such, the doctrine of *stare decisis* requires us to follow those precedents.

In both *Steagald* and *Martin,* police attempted to execute arrest warrants on individuals at the homes or residences of a third party. In both cases it was found that the arrest warrant did not allow the police to enter the residence of a third party to execute the arrest warrant, and that incriminating evidence found there during the execution of the arrest warrant had to be suppressed. The majority opinion would distinguish the above cited cases because it finds the officers had "had a reasonable and well-founded belief" that the premises searched was the residence of at least one of the fugitives. I disagree.

Appellant was arrested at the one bedroom apartment she shared with her husband when Philadelphia Police officers, while attempting to arrest two men whom they believed were

staying there, discovered marijuana in the apartment. According to the testimony at the suppression hearing the officers who obtained the arrest warrant had been informed that both Rivera and Vargas had been "hiding" at 701 West Wingohocking Street. They further testified that detectives had seen these men in that area on several occasions and the Commonwealth's brief states that one of the men had even been chased into the apartment there. However, they also listed two other possible addresses for these men in the arrest warrants. Other than the information that the two men were "hiding" there and had been seen near the apartment, no information was presented which tended to establish that the two men were establishing residences at 701 West Wingohocking Street.

Given that the men were characterized as "hiding" at the address in question and given that neither man was a leaseholder of the premises, or displayed any other characteristics of establishing a domicile at the residence in question, I do not believe the mere listing of the address on an arrest warrant turns that address into the fugitive's "residence" thereby allowing the police to enter the residence in question without also possessing a search warrant. As such, the non-consensual and search warrantless entry into the apartment was a violation of appellant's fourth amendment rights. In *Steagald*, Justice Marshall wrote:

> in those situations in which a search warrant is necessary, the inconvenience incurred by the police is simply not that significant. First, if the police know of the location of the felon when they obtain an arrest warrant, the additional burden of obtaining a search warrant at the same time is miniscule. The inconvenience of obtaining such a warrant does not increase significantly when an outstanding arrest warrant already exists.

*Steagald,* 451 U.S. at 222, 101 S.Ct. at 1652–53. These words are quite appropriate here. Since the police had reliable information that the wanted men were hiding at appellant's residence a search warrant for those premises could have been obtained with little inconvenience to the police. Obtaining

that warrant would have given them legal grounds for entering appellant's apartment to find the men. Since the police did not obtain such a warrant, and since they were not given consent to enter the apartment, I believe that *Steagald* and *Martin* compel suppression of the seized evidence.

For the above reasons, 1 dissent.