J-S28025-16
J-S28026-16

2016 PA Super 87

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF |
| | PENNSYLVANIA |
| Appellant | |
| | |
| v. | |
| | |
| ANGEL ROMERO | |
| | |
| Appellee | No. 1480 EDA 2015 |

Appeal from the Order Entered April 17, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0001465-2012

*****

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF |
| | PENNSYLVANIA |
| Appellant | |
| | |
| v. | |
| | |
| WENDY CASTRO | |
| | |
| Appellee | No. 1479 EDA 2015 |

Appeal from the Order Entered April 17, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0001464-2012

BEFORE: BOWES, J., LAZARUS, J., and PLATT, J.[*]

OPINION BY LAZARUS, J.:                    **FILED APRIL 19, 2016**

_____

[*] Retired Senior Judge assigned to the Superior Court.

The Commonwealth of Pennsylvania appeals[1] from the order, entered in the Court of Common Pleas of Philadelphia County, granting Angel Romero's and Wendy Castro's (h/w) (Appellees) motions to suppress evidence uncovered as a result of a search of Appellees' residence located at 4745 North 2nd Street, Philadelphia. After careful review, we reverse and remand for trial.[2]

In June 2011, Romero's brother/Castro's brother-in-law, Earnest Moreno, was declared delinquent after absconding from the Diagnostic Rehabilitation Center (DRC), a Philadelphia halfway house, while he was on state parole. A warrant was issued for Moreno's arrest; the warrant listed Appellees' address as Moreno's most likely place of residence. In August 2011, Parole Agent Sean Finnegan executed the arrest warrant at Appellees' residence. Agent Finnegan, along with other members of the United States Marshals Violent Crime Task Force, knocked on Appellees' door and announced their presence. One of the Appellees answered the door and permitted the authorities to enter the premises. Agent Finnegan told Appellees that he was looking for Moreno, at which point Romero told

---

[1] The Commonwealth has certified in its notice of appeal that the trial court's order suppressing physical evidence substantially handicaps the prosecution of this case. *See* Pa.R.A.P. 311(d).

[2] We have *sua sponte* consolidated these appeals as they are both taken from the same suppression order and the same question is involved. *See* Pa.R.A.P. 513.

Finnegan that Moreno was not on the property.[3]  Agent Finnegan and the U.S. Marshals conducted a search of the property for Moreno.  As the authorities approached the basement, Appellees began objecting to the search.  Disregarding their objections, Finnegan proceeded to the basement.

In the process of searching for Moreno, Agent Finnegan uncovered 61 marijuana plants growing in the basement of Appellees' house.  Agent Finnegan contacted the Narcotics Strike Force where a search warrant was secured for Appellees' residence.  The search uncovered a baggie of marijuana, high-intensity heat lamps, a scale, Romero's driver's license, mail addressed to Appellees, a food saver heat sealer, an illegally registered silver Smith & Wesson 9 mm handgun, one silver magazine loaded with 9 mm bullets, and a box of bullets.  Romero and Castro were subsequently charged with various drug offenses and possession of an instrument of crime.[4]

On November 21, 2012, Appellees filed identical pre-trial motions to suppress.  In those motions, Appellees claimed that:  (1) they made statements while in police custody without receiving a **Miranda**[5] warning

---

[3] Agent Finnegan testified that the Appellees did not say either "yes" or "no" to the authorities' request to search the premises of Moreno.

[4] 18 Pa.C.S. § 907(a).

[5] **Miranda  v.  Arizona**, 384 U.S. 436 (1966).

and that the statements were the product of an illegal arrest; (2) post-arrest they were illegally searched without a warrant; (3) their prior criminal records should not be admissible as the prior arrests did not involve convictions of crimes of such nature relevant to the instant charges; (4) suggestive identification evidence was the product of an illegal arrest; (5) evidence is insufficient as matter of law to sustain the case; (6) their arrests were illegal as officers lacked probable cause; (7) Pa.R.Crim.P. 600 rule speedy trial rights were violated; and (8) wiretap evidence was unlawfully obtained where the application lacked probable cause. *See* Angel Romero's Omnibus Pre-Trial Motion to Suppress, 11/21/12; Wendy Castro's Omnibus Pre-Trial Motion to Suppress, 11/21/12.

On February 20, 2015, the court held a suppression hearing at which Agent Finnegan and Romero testified. The court found both witnesses credible. At the conclusion of the hearing, the court issued findings of fact on the record. N.T. Suppression Hearing, 2/20/15, at 53. In its final statement at the hearing, the court noted:

> The issue before the court is whether or not the administrative search can be conducted under the circumstances set forth herein **under the court's findings and facts**, specifically that the investigators had information that Mr. Romero – I mean Mr. Moreno used the property address of 4745 North 2nd Street on past occasions. Under these circumstances, **this court finds that – the findings of fact both individuals are, in fact, credible**, that the police officer did not have the expressed permission to search the property from the defendants, and that the defendants objected to the search of the actual basement of the property.

- 4 -

N.T. Suppression Hearing, 2/20/15, at 53 (emphasis added). The court asked the parties to brief the issue regarding "the extent of the allowable search under the facts and circumstances contained herein." *Id.* On April 17, 2015, following further briefing by defense counsel on the stated search issue, as well as the court's own independent research, the court granted Appellees' motion to suppress. N.T. Suppression Motion, 4/17/15, at 4. The Commonwealth filed a timely notice of appeal from the suppression order, as well as a Pa.R.A.P. 1925(b) statement of errors complained of on appeal.[6] On July 10, 2015, the trial court issued its Rule 1925(a) opinion.

On appeal, the Commonwealth raises the following issue for our consideration: Did not the lower court err in granting the motion to suppress where officers with an arrest warrant had reasonable grounds to believe that the residence searched was that of the suspect named on the warrant?

When the Commonwealth appeals from a suppression order:

we follow a clearly defined standard of review and consider only the evidence from the defendant's witnesses together with the evidence of the prosecution that, when read in the context of the entire record, remains uncontradicted. The suppression court's findings of fact bind an appellate court if the record supports those findings. The suppression court's conclusions of law, however, are not binding on an appellate court, whose duty is to determine if the suppression court properly applied the law to the facts.

---

[6] However, the trial court did not order the Commonwealth to file a Rule 1925(b) statement of errors complained of on appeal.

*Commonwealth v. Miller*, 56 A.3d 1276, 1278-79 (Pa. Super. 2012) (citations omitted). While "[o]ur standard of review is restricted to establishing whether the record supports the suppression court's factual findings[,] we maintain *de novo* review over the suppression court's legal conclusions." *Commonwealth v. Brown*, 996 A.2d 473, 476 (Pa. 2010) (citation omitted).[7]

The Commonwealth asserts that the court erred in granting Appellees' suppression motion where police officers, who had an arrest warrant for

_____

[7] We recognize that in their written suppression motions Appellees did not specifically challenge the validity of Agent Finnegan's initial entry and search of their residence pursuant to the arrest warrant secured for Moreno. *See* Pa.R.Crim.P. 581(D) (a suppression motion "shall state specifically and with particularity the evidence sought to be suppressed, the grounds for suppression, and the facts and events in support thereof."). It is this search that ultimately led to their challenged arrest and subsequent search of their residence. However, at the beginning of the suppression hearing defense counsel clearly indicated that the agent's original entry into Appellees' residence, based upon the arrest warrant for Moreno, was illegal. Accordingly, we decline to find that this issue is waived. *Compare Commonwealth v. Quaid*, 871 A.2d 246 (Pa. Super. 2005) (even though defendant's suppression motion should have been more specific, where Commonwealth did not object to its content or form at hearing, where Commonwealth was apparently on notice as to issue to be litigated, and where it fully participated in suppression proceeding, no waiver will be found) *with Commonwealth v. Bradshaw*, 471 A.2d 558, 560 (Pa. Super. 1984) (where defendant's suppression motion did not specifically challenge search and seizure which occurred incident to defendant's arrest by police, averment was lacking in specificity or particularity under Rule 581(D)); *Commonwealth v. Ryan*, 442 A.2d 739 (Pa. Super. 1982) (bald statements or boilerplate allegations of illegally obtained evidence are insufficient to trigger Commonwealth's burden of going forward and proving that search was legal). *See generally Commonwealth v. Dixon*, 997 A.2d 368 (Pa. Super. 2010) (en banc).

Romero's fugitive brother-in-law, had reasonable grounds to believe that the fugitive resided at Appellees' house.

Where authorities have a reasonable belief that the subject of an arrest warrant lives within a given premises, they can enter the home and arrest the suspect without a search warrant. *Commonwealth v. Muniz*, 5 A.3d 345 (Pa. Super. 2010). *Compare Commonwealth v. Conception*, 657 A.2d 1298 (Pa. Super. 1995) (where police listed address on arrest warrant as possible residence of one of two fugitives, no search warrant needed to enter third-party defendant's apartment) *with Staegald v. United States*, 451 U.S. 204, 214 (1981) (where authorities conclude fugitive may be inside premises, but is not believed to be resident of premises, arrest warrant for fugitive inadequate to justify search of third-party owner's residence). The validity of an arrest warrant must be assessed on the basis of the information that the officers disclosed, or had a duty to discover and to disclose, to the issuing magistrate. *Maryland v. Garrison*, 480 U.S. 79, 85 (1987).

In *Muniz*, *supra*, our Court was faced with an issue similar to the one raised in this appeal. In that case the trial court denied the defendant's motion to suppress drugs discovered during a search of his apartment building for fugitives. On appeal, the defendant argued that the authorities' belief that the fugitives resided at defendant's Lancaster City apartment was unreasonable because the fugitive's approved parole address was in Philadelphia and because the defendant's mother testified that only she and

the defendant lived in defendant's apartment. Our Court found that the defendant's mother's testimony was "irrelevant to what authorities believed on the morning of the incident." *Id.* at 351. Moreover, where testimony from a female at the fugitive's previous residence, a Lexis/Nexis search listing, and a statement from a co-resident in defendant's building "all corroborated the reasonable belief that [the fugitive] lived in (and could be found in) the [defendant's] apartment," *id.*, our Court affirmed the denial of suppression.

Instantly, Agent Finnegan testified that he believed Moreno's residence was 4745 North 2nd Street based upon: (1) the address listed on Moreno's most recent, but expired, driver's license; (2) the address Moreno had given to the police department when he was arrested in 2009; (3) the address Moreno had given to the DRC in 2011 as a point of contact after being paroled; (4) the address Moreno listed while signing out of the DRC when he absconded in 2011; and (5) the fact that Moreno still had family living at that address. N.T. Suppression Hearing, 2/20/15, at 11-12. Agent Finnegan also testified that, based upon his investigation, while there may have been other possible addresses that could be linked to Moreno, the 4745 North 2nd Street address seemed to be the most likely residence due to the familial connection. *Id.* at 12.

At the suppression hearing the court not only found Agent Finnegan credible, but it also made the following findings of fact regarding his testimony in securing Moreno's arrest warrant:

- According to Agent Finnegan he conducted an independent investigation reflecting that Moreno had absconded from the DHC;

- At the time Moreno absconded, he was on parole;

- Moreno had allegedly provided information to parole agents on the Parole Board that his last known address was that of Appellees' residence;

- Agent Finnegan's independent research of PennDOT records show Moreno's last validly issue driver's license listing Appellees' residence as last known address; and

- Moreno used Appellees' address on DRC records and sign-out sheet on day he absconded.

N.T. Suppression Hearing, 2/20/15, at 48-50, 53.

Despite the above-stated findings of fact and its credibility determination, the court gave the following rationale,[8] in its Rule 1925(a) opinion, to support its decision to grant Appellees' motion to suppress:

_____

[8] We note that, pursuant to Pa.R.Crim.P. 581(I):

At the conclusion of the hearing, the judge shall enter on the record a statement of findings of fact and conclusions of law as to whether the evidence was obtained in violation of the defendant's rights, or in violation of these rules or any statute, and shall make an order granting or denying the relief sought.

Here, the trial court made findings of fact at the conclusion of the first day of the suppression hearing, reserving the ultimate legal question of the validity of Moreno's arrest warrant for another day. However, even at the later suppression hearing, the court did not state its conclusions of law on the record, save for stating "Motion granted." N.T. Suppression Hearing, 4/17/15, at 40. It was not until the trial court issued its Rule 1925(a) opinion, however, that its legal conclusions were placed on the record in contravention of Rule 581(I).

- 9 -

Agent Finnegan, who had earlier obtained an arrest warrant for Moreno, believed that Moreno might be found at the North 2nd Street address because Moreno provided that address to police when he was arrested in 2009 and to a rehabilitation center after being paroled. . . . The address also appeared on Moreno's most recent driver's license, which expired in 2007. . . . Agent Finnegan also claimed that Moreno used the 4745 North 2nd Street address while signing out of his halfway house in 2011. **However, documentation supporting this assertion was not produced and was not presented in evidence.** . . . Although Agent Finnegan discovered other possible addresses for Moreno, he deemed the North 2nd Street address to be the most likely one for Moreno.

**It is suggested that this Court did not err in denying this motion to suppress because officers lacked reasonable grounds and exigent circumstances to believe that Moreno was present inside the residence.**

**Agent Finnegan's sole basis for entering the [Appellees'] residence was the address listed on Moreno's expired driver's license and because Moreno had given that address to authorities in 2009. The license expired in 2007, almost five years before the search was conducted and Moreno last gave that address two years previously. No evidence was produced to show that the address was still valid for Moreno or that he used that address as his own at any time subsequent to 2009. Further, no evidence was produced to show a relative of Moreno's lived at the address or that Moreno had been seen in or about the residence . . . near the date the authorities entered the premises.**

N.T. Trial Court Opinion, at 7/10/15, 3-4, 6-7 (emphasis added).

The trial court granted Appellees' suppression motion based on its opinion that evidence to support Agent Finnegan's arrest warrant for Moreno at Appellees' residence was stale and also because the Commonwealth failed to produce DRC records and any documented evidence showing a family relationship between Moreno and Romero. The court essentially concluded

that Agent Finnegan's belief that Moreno's last known address was Appellees' residence was not reasonable. Therefore, anything that flowed from the authorities' initial illegal entry and search of Appellees' residence was, also, unlawful. We find the suppression court's legal conclusions erroneous.

None of the facts listed above from the suppression hearing, which contributed to securing the arrest warrant for Moreno, were contradicted by Romero at the suppression hearing. *Miller*, *supra*. Accordingly, we must consider those facts on appeal and are bound by them because they are supported in the record. *Id.* Our *de novo* review of the trial court's legal conclusions, based upon these supported facts, lead us to conclude that suppression was improper. *Brown*, *supra*.

This is not a case where the Commonwealth simply sat on its hands at the suppression hearing. *Cf. Commonwealth v. Enimpah*, 62 A.3d 1028 (Pa. Super. 2013), *aff'd*, 106 A.3d 695 (Pa. 2014) (where Commonwealth's attorney refused to call defendant's arresting officer or present any evidence, arguing that defendant had initial burden of proof to show reasonable expectation of privacy in seized contraband or searched car, suppression was proper). The Commonwealth offered Agent Finnegan as a witness to testify about his investigation into and the evidence found to support his belief that 4745 North 2nd Street was Moreno's last known address. He presented documented evidence of Moreno's expired 2007

license listing Appellees' address, as well as proof that Moreno furnished Appellees' address to the Philadelphia Police Department in 2009 when he was arrested in the instant matter for which he was on parole. The agent also testified, and the court found as facts at the suppression hearing, that Moreno had listed Appellees' residence on his 2011 DRC sign-out sheet and also listed it as his address in DRC records.

Agent Finnegan's testimony, supporting his belief that 4745 North 2nd Street was Moreno's most likely last place of residence, is as strong as the evidence that the police had in *Muniz* to believe that the fugitive in that case lived at the defendant's residence. Moreover, Romero's suppression hearing testimony that Moreno had not spoken to him in over 15 years, did not receive mail at Romero's address, and did not associate with Romero, is irrelevant to what Agent Finnegan's good faith belief was at the time he prepared and executed the arrest warrant for Moreno at Appellees' residence. *Muniz*, 5 A.3d at 351-52.

Accordingly, we find the Commonwealth established, by a preponderance of the evidence, that Agent Finnegan reasonably believed that Moreno's last place of address was Appellees' home. ***Commonwealth v. Bonasorte***, 486 A.2d 1361 (Pa. Super. 1984) (Commonwealth's burden of proof at suppression hearing is "by a preponderance of the evidence."); ***see also Commonwealth v. Jury***, 636 A.2d 164, 169 n.5 (Pa. Super. 1993) (Commonwealth's burden of proof at suppression hearing has been

defined as "the burden of producing satisfactory evidence of a particular fact in issue; and . . . the burden of persuading the trier of fact that the fact alleged is indeed true.").

Because the arrest warrant for Moreno was valid, the authorities had the legal basis to enter Appellees' residence without a search warrant, despite the fact that Moreno was not inside the home. ***Muniz***, ***supra***; ***Conception***, ***supra***. Therefore, the entry of the residence did not violate Appellees' Fourth Amendment rights and the court improperly suppressed the evidence uncovered during the search of Appellees' residence.[9]

Order reversed. Case remanded for trial. Jurisdiction relinquished.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/19/2016

---

[9] We note that the validity of the subsequent search warrant secured by the Narcotic's Strike Force for Appellees' home is not argued on appeal.