J-S31015-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| WARREN D. ANDERSON | |
| Appellant | No. 372 MDA 2015 |

Appeal from the Judgment of Sentence January 27, 2015
In the Court of Common Pleas of Dauphin County
Criminal Division at No(s): CP-22-CR-0003367-2013

BEFORE:  SHOGAN, J., OTT, J., and STRASSBURGER, J.[*]

CONCURRING MEMORANDUM BY OTT, J.:          **FILED JULY 18, 2016**

I join the majority decision in this matter but write separately to note additional reasoning supporting the decision.

The Majority cites **Commonwealth v. Romero**, ___ A.3d. ___, 2016 PA Super 87 (Pa. Super. 2016) (filed 4/19/2016) for the proposition that where the authorities[1] have a reasonable belief that the subject of an arrest warrant lives within a given premises, they can enter the home and arrest the suspect without a search warrant.  However, that statement does not define "reasonable belief."  I believe we should clarify the rule and follow the guidance of the 3rd Circuit Court of Appeals in **United States v. Vasquez-**

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] The authorities in **Romero** were probation officers.

*Algarin*, \_\_\_\_ F.3d \_\_\_\_, 2016 WL 1730540 (3rd Cir.) (filed 5/2/2016) and define reasonable belief as probable cause.[2]  In *Vasquez-Algarin*, Judge Krause has provided a thorough history of the issue and the standard applied as well as sound reasoning why "reasonable belief" should be interpreted as probable cause.  While I direct interested parties to the entire decision, I quote two passages.

> Although the language of *Payton* and the Supreme Court's other Fourth Amendment decisions provides [sic] strong support for interpreting reasonable belief as a probable cause standard, it is the nature of the privacy interests at stake that solidifies our conclusion. Without question, the home takes pride of place in our constitutional jurisprudence. As the Supreme Court has reiterated on numerous occasions, "when it comes to the Fourth Amendment, the home is first among equals. At the Amendment's 'very core' stands 'the right of a man to retreat into his own home and there be free from unreasonable governmental intrusion.' " *Florida v. Jardines*, \_\_\_ U.S. \_\_\_, \_\_\_, 133 S.Ct. 1409, 1414, 185 L.Ed.2d 495 (2013) (quoting *Silverman v. United States*, 365 U.S. 505, 511, 81 S.Ct. 679, 5 L.Ed.2d 734 (1961)). Indeed, such intrusion is "the chief evil against which the wording of the Fourth Amendment is directed." *Payton*, 445 U.S. at 585.
>
> The vaunted place of the home in our constitutional privacy jurisprudence was central to the Supreme Court's analysis in

---

[2] [I]t is well-settled that this Court is not bound by the decisions of federal courts, other than the United States Supreme Court, or the decisions of other states' courts. We recognize that we are not bound by these cases; however, we may use them for guidance to the degree we find them useful and not incompatible with Pennsylvania law.

*Commonwealth v. Reed*, 107 A.3d 137, 143 (Pa. Super. 2014) (citations omitted).

> *Payton* and *Steagald. See, e.g., Payton*, 445 U.S. at 585-90; *Steagald*, 451 U.S. at 220, 222. These cases together provide insight that neither case provides alone—insight that leads inexorably to the conclusion that the Circuit-created two-prong test is workable only if governed by a robust reasonableness standard akin to probable cause, and that anything less would defeat the "stringent ... protection" the home is due. *United States v. Martinez-Fuerte*, 428 U.S. 543, 561, 96 S.Ct. 3074, 49 L.Ed.2d 1116 (1976) (private homes are "ordinarily afforded the most stringent Fourth Amendment protection").

*U.S. v. Vasquez-Algarin*, ___ F.3d ___, at *8 **-***9.[3]

> Additionally,

> Given this precedent and the constitutional principles at stake, law enforcement armed with only an arrest warrant may not force entry into a home based on anything less than probable cause to believe an arrestee resides at and is then present within the residence. A laxer standard would effect an end-run around the stringent baseline protection established in *Steagald* and render all private homes—the most sacred of Fourth Amendment spaces—susceptible to search by dint of mere suspicion or uncorroborated information and without the benefit of any judicial determination. Such intrusions are "the chief evil against which the wording of the Fourth Amendment is directed." *Payton*, 445 U.S. at 585. We therefore join those Courts of Appeals that have held that reasonable belief in the *Payton* context "embodies the same standard of reasonableness inherent in probable cause." *Gorman*, 314 F.3d at 1111; *accord Barrera*, 464 F.3d at 501.

*Id*. at 10.[4]

---

[3] Complete interior citations are: *Payton v. New York*, 445 U.S. 573, 100 S.Ct. 1371, 63 L.Ed.2d 639 (1980); *Steagald v. United States*, 451 U.S. 204, 101 S.Ct. 1642, 68 L.Ed.2d 38 (1981).

[4] Complete interior citations are: *United States v. Gorman*, 314 F.3d 1105 (9th Cir. 2002); *United States v. Barrera*, 464 F.3d 496 (5th Cir. 2006).

In the instant matter, the record supports that the authorities, based on information contained in the "warrant packet" and independently developed at the scene, possessed probable cause to believe Ramos lived at 2308 Orange Street.  Further, they possessed probable cause, based upon the information that Ramos's mode of transportation was a bicycle and a bicycle was found at the rear of 2308 Orange Street, that he was present at the time the authorities attempted to execute the arrest warrant.  Accordingly, I believe that facts presented in this case meet the standard as set forth in *United States v. Vasquez-Algarin*, *supra*.

Judge Strassburger joins the concurring memorandum.