J-S59012-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JUSTIN E. TAYLOR, | |
| Appellant | No. 710 EDA 2017 |

Appeal from the Judgment of Sentence Entered January 18, 2017
In the Court of Common Pleas of Delaware County
Criminal Division at No(s): CP-23-CR-0006515-2016

BEFORE:  BENDER, P.J.E., OTT, J., and FITZGERALD, J.[*]

MEMORANDUM BY BENDER, P.J.E.:          **FILED DECEMBER 01, 2017**

Appellant, Justin E. Taylor, appeals from the judgment of sentence of a $500 fine, imposed following his conviction for possession of small amount of marijuana.  Appellant asserts that the trial court erred when it denied his motion to suppress the seized physical evidence.  After careful review, we affirm.

The trial court summarized the operative facts of this case as follows:

On July 5, 2016 Officer Michael Taylor and Officer Garay of the Upper Darby Police Department were working as tactical narcotics officers patrolling the area of 2020 Garrett Road in Upper Darby.  N.T.[,] 1/18/17[, at] 5-6.  Complaints about marijuana usage in the parking garage of this apartment complex led the officers to park their vehicle and patrol the area on foot.  *Id.* at 7, 23.  Officer Taylor testified credibly that as they were walking through an alley that led to the parking

---

[*] Former Justice specially assigned to the Superior Court.

garage he saw [Appellant] exit the apartment complex with his head down holding what the officer believed to be a "marijuana cigar" between his fingers. At the same time Officer Taylor detected the strong odor of marijuana. *Id.* at 7-8. [Appellant] was, at this point, about twenty feet away from the officers. *Id.* at 9-10. Officer Taylor observed that [Appellant] looked up and "cupped" his hand when he saw the police officers, thereby concealing the cigar within his hand. *Id.* at 9-11.

The officers continued to approach [Appellant] and Officer Taylor asked, "What's that?" [Appellant] replied, "it's just a little bit of weed." *Id.* at 12. Officer Taylor asked [Appellant] for the cigar and he handed it over. He was then handcuffed and arrested. In a search incident to the arrest[,] Officer Taylor found a grinder and a bag of marijuana in a backpack that [Appellant] was carrying. *Id.* at 12. Before the inquiry that led to [Appellant]'s admission[,] the officers did not ask [Appellant] to stop, they did not ask him to come to them and they did not impede[] his progress or obstruct his path. *Id.* at 12.

Aspects of [Appellant]'s testimony added credibility to Officer Taylor's testimony. [Appellant] testified that he was surprised when he came upon the officers in the alleyway and that he had been walking along with the "marijuana cigar" in his hand. When he saw the officers he hid it from view by cupping it in his hands. *See id.* at 38-44. [Appellant] testified that during the initial interaction he was not told that he was under arrest and that the officers did not threaten or yell at him. Guns were not displayed. *Id.* at 42-43. He maintained that he was immediately stopped and was not free to leave. *Id.* at 41. He admitted[,] however, that he was not arrested and searched incident to that arrest until after he admitted that he was holding "weed." *Id.* at 42.

Trial Court Opinion (TCO), 4/3/17, at 3-4.

The Commonwealth charged Appellant with possession of a small amount of marijuana (PSAM), 35 P.S. 780–113(a)(31), and possession of drug paraphernalia, 35 P.S. 780–113(a)(32), the latter of which was subsequently withdrawn. Appellant filed an omnibus pretrial motion on November 28, 2016, in which he sought, *inter alia*, suppression of the seized

contraband. Appellant filed a supplemental suppression motion on January 9, 2017, and a suppression hearing was held on January 18, 2017. After denying the motion to suppress, the trial court immediately proceeded to a stipulated, non-jury trial, where the court found Appellant guilty of PSAM and ordered him to pay a $500 fine. No other penalties were imposed.

Appellant filed a timely notice of appeal, and a timely, court-ordered Pa.R.A.P. 1925(b) statement. The trial court issued is Rule 1925(a) opinion on April 3, 2017. Appellant now presents the following questions for our review:

    I.   Did the lower court err by refusing to suppress the physical evidence obtained when the officers did not have reasonable suspicion to stop, search or detain Defendant without warrant?

    II.   Did the lower court err by refusing to suppress the physical evidence obtained pursuant to a search warrant whose Affidavit of Probable Cause lacked sufficient information to establish probable cause on its face?

    III.   Did the lower court err by refusing to suppress the physical evidence where the court considered information outside of the affidavit in support of the search warrant to justify a finding of probable cause?

Appellant's Brief at 6.

After a thorough review of the record, the briefs of the parties, the applicable law, and the well-reasoned opinion of the Honorable James P. Bradley, we conclude Appellant's claims merit no relief. In its opinion, the trial court comprehensively discusses and properly disposes of the issues

presented. **See** TCO at 4-7. Accordingly, we affirm based on the trial court's Rule 1925(a) opinion.

**Affirmed**.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 12/1/2017

ADD3

IN THE COURT OF COMMON PLEAS OF DELAWARE COUNTY, PENNSYLVANIA
CRIMINAL DIVISION

COMMONWEALTH OF PENNSYLVANIA       :       CP-23-CR-6515-2016
                                   :
              vs.                  :
                                   :
        JUSTIN TAYLOR              :
                                   :

A Sheldon Kovach, Esquire, on behalf of the Commonwealth
James Lee, Esquire, on behalf of the Defendant

## O P I N I O N

Bradley, J.                        FILED:   4-3-17

After a stipulated non-jury trial the Defendant, Justin Taylor, was found guilty of

possessing a small amount of marijuana, [1] an ungraded misdemeanor. A fine of $500.00 was

imposed at sentencing on January 18, 2017. A timely Notice of Appeal was filed on February

17, 2017. Defendant was ordered to file a Concise Statement of Errors Complained of on

Appeal. Defendant complied and has raised several claims that are related to his pre-trial

motion to suppress. Specifically, Defendant claims:

1)     The Commonwealth failed to meet its burden in the Motion to Suppress;

2)     The Police Officers lacked reasonable suspicion to stop, search or detain
       Justin Taylor;

3)     The Police Officer lacked probable cause to arrest Justin Taylor;

---

[1] 35 Pa.C.S.A. §780-113(a)(31)(i)

1

4)   The Affidavit of Probable Cause should be stricken due to the fact that it failed to articulate reasonable suspicion or probable cause to stop, search, detain and arrest Justin Taylor; and

5)   The Police Officer's testimony should be limited to the facts articulated in the Affidavit of Probable Cause due to the fact that his testimony grossly contracts the facts in the aforementioned document and supplemented key facts that were clearly meant to embellish his testimony for the purposes of the Motion to Suppress hearing.

Concise Statement of Errors Pursuant to Pennsylvania Rules of Appellate Procedure 1925(b).

At the January 18, 2017 hearing trial counsel stated his claims with specificity and particularity: "It is our contention that the officers in this case did not have reasonable suspicion or probable cause to stop, search, detail, or frisk my client in any shape form, or fashion" in violation of the Fourth Amendment and the Pennsylvania Constitution.

When a defendant challenges the admissibility of evidence on Fourth Amendment and/or Article I, Section 8  grounds the Commonwealth bears the burden of proving by a preponderance of the evidence that the evidence was lawfully seized. See Commonwealth v. Romero, 138 A.3d 21, 28 (Pa. Super. 2016). When considering a motion to suppress the court sits as the factfinder and passes  on the credibility of witnesses and the weight to be given their testimony. See Commonwealth v. Roche, 153 A.3d 1063, 1067 (Pa. Super. 2017); Commonwealth v. Gallagher, 896 A.2d 583, 585 (Pa.Super. 2006). The court heard testimony from Officer Michael Taylor of the Upper Darby Police Department and from the Defendant, Justin Taylor on January 18, 2017.  The credible testimony established the following facts.

2

On July 5, 2016 Officer Michael Taylor and Officer Garay of the Upper Darby Police Department were working as tactical narcotics officers patrolling the area of 2020 Garrett Road in Upper Darby. N.T. 1/18/17 pp. 5-6. Complaints about marijuana usage in the parking garage of this apartment complex led the officers to park their vehicle and patrol the area on foot. Id. at 7, 23. Officer Taylor testified credibly that as they were walking through an alley that led to the parking garage he saw Defendant exit the apartment complex with his head down holding what the officer believed to be a "marijuana cigar" between his fingers. At the same time Officer Taylor detected the strong odor of marijuana. Id. at 7-8. The Defendant was, at this point, about twenty feet away from the officers. Id. at 9-10. Officer Taylor observed that the Defendant looked up and "cupped" his hand when he saw the police officers, thereby concealing the cigar within his hand. Id. at 9-11.

The officers continued to approach the Defendant and Officer Taylor asked, "What's that?" Defendant replied, "it's just a little bit of weed." Id. at 12. Officer Taylor asked the Defendant for the cigar and he handed it over. He was then handcuffed and arrested. In a search incident to the arrest Officer Taylor found a grinder and a bag of marijuana in a backpack that the Defendant was carrying. Id. at 12. Before the inquiry that led to Defendant's admission the officers did not ask the Defendant to stop, they did not ask him to come to them and they did not impeded his progress or obstruct his path. Id. at 12.

Aspects of the Defendant's testimony added credibility to Officer Taylor's testimony. Defendant testified that he was surprised when he came upon the officers in the alleyway and that he had been walking along with the "marijuana cigar" in his hand. When he saw the officers he hid it from view by cupping it in his hands. See id. at 38- 44. Defendant testified

3

that during the initial interaction he was not told that he was under arrest and that the officers did not threaten or yell at him. Guns were not displayed. Id. at 42-43. He maintained that he was immediately stopped and was not free to leave. Id. at 41. He admitted however, that he was not arrested and searched incident to that arrest until after he admitted that he was holding "weed." Id. at 42.

Defendant claims that the officers stopped the Defendant without reasonable suspicion. In Commonwealth v. Collins, 950 A.2d 1041, 1046 (Pa. Super. 2008) the Court explained:

> There are three categories of police interactions which classify the level of intensity in which a police officer interacts with a citizen, and such are measured on a case by case basis. Traditionally, this Court has recognized three categories of encounters between citizens and the police. These categories include (1) a mere encounter, (2) an investigative detention, and (3) custodial detentions. The first of these, a "mere encounter" (or request for information), which need not be supported by any level of suspicion, but carries no official compulsion to stop or to respond. The second, an "investigative detention" must be supported by reasonable suspicion; it subjects a suspect to a stop and a period of detention, but does not involve such coercive conditions as to constitute the functional equivalent of an arrest. Finally, an arrest or "custodial detention" must be supported by probable cause. (citations omitted).
>
> ***
>
> To determine whether a mere encounter rises to the level of an investigatory detention, we must discern whether, as a matter of law, the police conducted a seizure of the person involved. To decide whether a seizure has occurred, a court must consider all the circumstances surrounding the encounter to determine whether the demeanor and conduct of the police would have communicated to a reasonable person that he or she was not free to decline the

4

officer's request or otherwise terminate the encounter. Thus, the focal point of our inquiry must be whether, considering the circumstances surrounding the incident, a reasonable person innocent of any crime, would have thought he was being restrained had he been in the defendant's shoes.

Id. at 1046-47. The "level of intrusion into a person's liberty may change during the course of the encounter" and so the record must be carefully scrutinized for "evidence of such changes." Id. *citing* Commonwealth v. Blair, 860 A.2d 567, 572 (Pa. Super. 2004).

In this case the interaction between the officers began as a mere encounter and quickly escalated, culminating in an arrest based on probable cause to believe that the Defendant possessed marijuana. The officers encountered the Defendant as they walked down the alleyway on patrol. As their paths met during this "mere encounter" reasonable suspicion quickly developed. Officer Taylor detected the odor of burning marijuana and he saw Defendant holding a cigar that he believed contained marijuana. This conclusion was based on his training and experience, his observation of the object and on the Defendant's efforts to conceal the object. See N.T. 1/18/17 pp. 5-6; 9-10. Officer Taylor then asked the Defendant what he was holding and Defendant's response provided probable cause to believe that he was unlawfully in possession of marijuana.

The claim set forth in paragraph 4 of Defendant's "Concise Statement of Errors Pursuant to Pennsylvania Rules of Appellate Procedure 1925(b)" is patently frivolous. Evidence that is seized by the police through conduct that is unlawful under the Fourth Amendment or Article I, Section 8 is inadmissible in a criminal prosecution pursuant to the "exclusionary rule." Defendant claims that the affidavit of probable cause that is

5

attached to the Criminal Complaint should be "stricken" because it fails to articulate reasonable suspicion to stop or probable cause to arrest. Defendant seems to conflate what would be a challenge to the "four corners" a search warrant with the claim that the Defendant was subject to an unlawful warrantless arrest without probable cause. In any case, the remedy would not be to "strike" the affidavit of probable cause attached to the Criminal Complaint but to suppress the illegally obtained evidence. Cf, Commonwealth v. Finley, 860 A.2d 132, 135 (Pa. Super. 2004) *quoting* Commonwealth v. Hamme, 583 A.2d 1245, 1246, Fn. 2 (Pa. Super. 1990); Commonwealth v. Hayes, 898 A.2d 1089, 1091 (Pa. Super. 2006); and Commonwealth v. Dobbins, 934 A.2d 1170, 1181 (Pa. 2007) *citing* Commonwealth v. Gibson, 638 A.2d 203, 205 (Pa. 1994)(" ... [T]he trial court, ... observed that the proper remedy where evidence has been discovered by an illegal search and/or incident to an illegal arrest is suppression, not dismissal. We agree.")

Finally, the claim that the "Police Officer's testimony should be limited to the facts articulated in the Affidavit of Probable Cause," has no basis in the law. Defense counsel seized the opportunity to challenge Officer Taylor's credibility based on facts surrounding the interaction that were not included in the Affidavit of Probable Cause. The Court considered the testimony elicited during defense counsel's thorough cross-examination and considered the testimony of the Defendant as well, and assessed the credibility of both witnesses. The facts that were found were determined with the credibility of the witnesses in mind and are supported by the record. See e.g. Commonwealth v. Elmobdy, 823 A.2d 180, 183 (Pa. Super. 2003) ("It is within the

6

suppression court's sole province as factfinder to pass on the credibility of witnesses and the weight to be given to their testimony. The suppression court is free to believe all, some or none of the evidence presented at the suppression hearing.") (citations omitted).

In light of the foregoing it is respectfully submitted that judgment of sentence should be affirmed.

BY THE COURT:

James P. Bradley,                                    J.