J-S16028-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| STANLEY GASTON GRACIUS | : | |
| | : | |
| Appellant | : | No. 1443 MDA 2021 |

Appeal from the Judgment of Sentence Entered October 8, 2021,
in the Court of Common Pleas of Berks County,
Criminal Division at No(s): CP-06-CR-0000501-2021.

BEFORE:   PANELLA, P.J., KUNSELMAN, J., and COLINS, J.[*]

MEMORANDUM BY KUNSELMAN, J.:         **FILED: AUGUST 23, 2022**

Stanley Gaston Gracius appeals from the judgment of sentence imposed after a jury convicted him of obstructing the administration of law or other government function and resisting arrest.[1]  Upon review, we affirm.

The facts are as follows.  Late at night on December 30, 2020, Gracius showed up at the home of his ex-girlfriend, Andrea Tull, with his belongings. Gracius told Tull and her roommate, Sandra Clark, that he had nowhere to stay for the night and asked if he could stay with them.  Tull and Clark agreed that they did not want him in the house.  Tull talked with Gracius on the porch about making other arrangements and gave him a warming pad for his hands.

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. § §5101 and 5104.

Over the course of three to four hours, Tull asked Gracius to leave multiple times, but he refused. Eventually, Tull and Clark called the police.

When the police arrived, Officer Dickson saw Gracius step off the porch and onto the sidewalk. Officer Dickson approached Gracius and repeatedly asked him his name, but Gracius refused to answer. Gracius responded to Officer Dickson's questions with questions. When Officer Dickson tried to access the front door so he could talk to Tull and Clark and asked Gracius to move away from the door, Gracius refused. He then sat down in front of the door, blocking the officer's access.

The police called for a transport wagon; more officers arrived on the scene. They tried to take Gracius into custody because he was interfering with their investigation, but when they tried to handcuff him, he refused to give them his hands, and he put them under his body. Gracius continued to resist and ignore their commands. Eventually, the officers had to put their weight on Gracius to wear him down and handcuff him. It took three officers, finally, to take Gracius into custody. Gracius was charged with multiple offenses.

Following trial, the jury found Gracius guilty of resisting arrest and obstruction of law or other government functions but acquitted him of the other charges. The trial court sentenced Gracius to two months to one year of incarceration for the resisting arrest conviction and a consecutive two years of probation for the obstruction conviction. Gracius filed a post-sentence motion, which the court denied.

Gracius filed this timely appeal. Gracius and the trial court complied with Pennsylvania Rule of Appellate Procedure 1925.

On appeal, Gracius raises two issues:

Whether the guilty verdict for [o]bstructing [a]dministration of [l]aw or [o]ther [g]overnmental [f]unction was in error as the evidence at trial was insufficient to prove beyond a reasonable doubt an essential element of the offense, specifically, that [Gracius] intentionally obstructed, impaired, or perverted the administration of law or other governmental function.

Whether the guilty verdict for resisting arrest was in error as the evidence presented at trial was insufficient to prove beyond a reasonable doubt an essential element of the offense[,] specifically, the [o]fficers were not in danger of bodily injury and did not need to employ substantial force in order to arrest [Gracius].

Gracius' Brief at 4.

Both of Gracius' claims challenge the sufficiency of the evidence to support his convictions. In reviewing a sufficiency of the evidence claim, this Court:

must determine whether the evidence admitted at trial, as well as all reasonable inferences drawn therefrom, when viewed in the light most favorable to the verdict winner, are sufficient to support all elements of the offense. Additionally, we may not reweigh the evidence or substitute our own judgment for that of the fact finder. The evidence may be entirely circumstantial as long as it links the accused to the crime beyond a reasonable doubt.

***Commonwealth v. Koch***, 39 A.3d 996, 1001 (Pa. Super. 2011) (citations omitted). However, "the inferences must flow from facts and circumstances proven in the record and must be of such volume and quality as to overcome

- 3 -

the presumption of innocence and satisfy the jury of an accused's guilt beyond a reasonable doubt." *Commonwealth v. Scott,* 597 A.2d 1220, 1221 (Pa. Super. 1991). "The trier of fact cannot base a conviction on conjecture and speculation and a verdict which is premised on suspicion will fail even under the limited scrutiny of appellate review." *Id.* "Because evidentiary sufficiency is a question of law, our standard of review is *de novo* and our scope of review is plenary." *Commonwealth v. Diamond,* 83 A.3d 119, 126 (Pa. 2013).

Gracius first claims that the evidence was insufficient to prove beyond a reasonable doubt that he intentionally obstructed the administration of justice. Instead, according to Gracius, he invited the officer onto the porch so he could knock on the door. As such, Gracius maintains that he did not materially prevent the officers from conducting their investigation. Gracius' Brief at 10.

> The statute governing the offense of obstruction provides as follows:

> A person commits a misdemeanor of the second degree if he intentionally obstructs, impairs or perverts the administration of law or other governmental function by force, violence, physical interference or obstacle, breach of official duty, or any other unlawful act, except that this section does not apply to flight by a person charged with crime, refusal to submit to arrest, failure to perform a legal duty other than an official duty, or any other means of avoiding compliance with law without affirmative interference with governmental functions.

18 Pa.C.S.A. § 5101. The crime consists of two elements: 1) an intent to obstruct the administration of law; and 2) an act of "affirmative interference with governmental functions." *Commonwealth v. Gentile*, 640 A.2d 1309,

1312 (Pa. Super. 1994) (citation and internal quotation marks omitted). This offense was derived from Section 242.1 of the Model Penal Code which was "designed to cover a broad range of behavior that impedes or defeats the operation of government." ***Commonwealth v. Palchanes***, 224 A.3d 58, 60 (Pa. Super. 2019). Notably, "[t]he interference need not involve physical contact with the government official as he performs his duties." ***Commonwealth v. Johnson***, 100 A.3d 207, 216 (Pa. Super. 2014).

Here, based upon our review, and viewing the evidence in the light most favorable to the Commonwealth as verdict winner, we conclude that the Commonwealth presented sufficient evidence to convict Gracius of obstruction. As the trial court observed:

> Officer Dickson testified that he sought to investigate the alleged trespass by attempting to speak with the owner of the house. In order to do so, he needed access to the door. When Officer Dickson asked [Gracius] to move out of the way so that he could access the door to the [property], [Gracius] refused and started to knock on the door himself. [Gracius] continued to defy the officer's commands and sat down on the porch in front of the door prohibiting Officer Dickson's access . . . . Officer Dickson was in full uniform and [Gracius] was aware that the officers were responding to investigate the alleged trespass. Officer Dickson made repeated attempts to move [Gracius] out of the way to access the door, but [Gracius] refused.

Trial Court Opinion, 1/4/22, at 7. Blocking an investigating law enforcement officer's access to a residence or pathway is sufficient to support an obstruction charge. ***See Commonwealth. v. Reed***, 851 A.2d 958, 963-64 (Pa. Super. 2004); ***Commonwealth v. Conception***, 657 A.2d 1298, 1301

(Pa. Super. 1995). Clearly, Gracius' actions show that he intended to obstruct the officer's investigation, contrary to his claim, and, in fact, impeded the investigation. Thus, there was sufficient evidence to support Gracius' conviction for obstruction of the law.

Next, Gracius claims that the evidence was insufficient to prove beyond a reasonable doubt that he resisted arrest. Specifically, he argues that the evidence was insufficient to show that the officers had to use substantial force to arrest him. Instead, according to Gracius, there was just a scuffle between him and the police.[2] Brief at 10, 17-18.

> The offense of resisting arrest is defined as follows:
>
> A person commits a misdemeanor of the second degree if, with the intent of preventing a public servant from effecting a lawful arrest or discharging any other duty, the person creates a substantial risk of bodily injury to the public servant or anyone else, or employs means justifying or requiring substantial force to overcome the resistance.

18 Pa.C.S.A. § 5104. Where substantial force is necessary to surmount a defendant's passive resistance and effectuate an arrest, this Court has upheld a conviction for resisting arrest. **Commonwealth v. Thompson**, 922 A.2d 926 (Pa. Super. 2007).

---

[2] Gracius also argues that, if the evidence was insufficient to sustain his obstruction charge, his arrest was not lawful and consequently could not be guilty of resisting arrest. However, as discussed above, Gracius was lawfully arrested for obstruction.

Here, the Commonwealth presented evidence from which the jury could find that the officers had to use substantial force to arrest Gracius. As the trial court observed: "Officer Dickson testified that [Gracius'] refusal to release his hands from underneath his body after repeated commands, as well as tensing his body stiff, required three officers to overcome in order to place him in handcuffs." Trial Court Opinion, 1/4/22, at 9. Officer Dickson testified that the use of three officers to arrest someone was not typical. N.T. 9/27/21, at 72. And, notably, the police had to apply their body weight to Gracius to tire him out and finally arrest him. Thus, there was sufficient evidence to support Gracius' conviction for resisting arrest.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/23/2022